IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICAH RUDISILL, # 48233-019                              PETITIONER

VS.                          CIVIL ACTION NO. 5:08-cv-272(DCB)(MTP)

BRUCE PEARSON, Warden                                    RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 9)**, and on the petitioner Micah Rudisill ("Rudisill")'s objections thereto. Having carefully considered the report and recommendations of the magistrate judge and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Rudisill seeks to have his sentence in the United States District Court for the District of Arizona reduced or vacated, pursuant to the Supreme Court's holding in United States v. Santos, 128 S.Ct. 2020 (2008). He argues that he was convicted of money laundering "based on payment of the expenses of the underlying criminal activity," which are not funds that qualify as "profits" under the money laundering statute, as interpreted by the Supreme Court in Santos. The general rule is that a challenge to the validity of a federal sentence must be pursued in a section 2255 motion, not in a section 2241 motion. See Pack v. Yusuff,

218 F.3d 448, 451-52 (5th Cir. 2000). There is, however, a "back door" to section 2255, often referred to as the "savings clause," which allows a § 2241 petition under certain limited circumstances, avoiding the additional requirements imposed on second and successive § 2255 petitions. As Magistrate Judge Parker points out in his Report and Recommendation, the petitioner has not fulfilled the requirements of the "savings clause."

Moreover, the Supreme Court did not make <u>Santos</u> retroactive to cases on collateral review. The Report and Recommendation finds that even if <u>Santos</u> were made retroactive, Rudisill "cannot establish that he was convicted of a 'non-existent offense,' as numerous courts have concluded that <u>Santos</u>' narrow holding applies only to its specific facts (an illegal gambling operation) rather than to a mail or wire fraud scheme as in Rudisill's case. Finally, Magistrate Judge Parker finds that even if <u>Santos</u> were retroactively applicable, and even if it could be interpreted to mean that Rudisill was convicted of a non-existent offense, Rudisill could not meet the <u>Reyes-Requena</u> test (<u>Reyes-Requena v. U.S.</u>, 243 F.3d 893 (5th Cir. 2001)), as he cannot establish that his claim was foreclosed by circuit law at the time of his trial, appeal, or first section 2255 motion.

Magistrate Judge Parker concludes that this Court is without jurisdiction to construe Rudisill's petition as arising under section 2255, since the Ninth Circuit has not granted him

authorization to file a successive § 2255 petition, and a section 2255 petition must be filed in the court where the petitioner was convicted and sentenced. The petitioner's objections fail to establish that the Court has jurisdiction over his petition. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker **(docket entry 9)** is hereby adopted as the finding of this Court, and the petitioner's objections thereto are denied;

FURTHER ORDERED that the petitioner's petition is dismissed for lack of jurisdiction. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 14th day of June, 2010.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE